UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 06-CIV-20554   COOKE/BROWN

HENRY VEGA, individually
and as representative of all
similarly situated,

    *Plaintiff*,

v.

T-MOBILE USA, INC.,
a foreign corporation,

    *Defendant*.
_____/

## ORDER ON CLASS CERTIFICATION AND SUMMARY JUDGMENT

**BEFORE THE COURT** are two motions: (1) a Motion for Class Certification by which the Plaintiff seeks to certify a national class and/or Florida statewide class, and (2) the Defendant's Motion for Summary Judgment.  For the reasons stated below, the Court does not certify a nationwide class, does certify a Florida statewide class, and denies summary judgment.

### CLASS CERTIFICATION

**I.**    **Background**

    T-Mobile is a cellular phone service provider that sells two types of service plans: (1) a term-contract plan, which obligates a customer to remain with T-Mobile for a specified period, and (2) a prepaid, "pay as you go" plan, under which a customer pays up-front for a certain number of minutes; once the pre-paid minutes run out, the customer can then choose whether or not to buy more minutes.

    In December, 2005, Henry Vega brought this class action against T-Mobile for breach of

contract and unjust enrichment in Florida state court; the case was subsequently removed to this Federal Court.  The Plaintiff's allegations center on T-Mobile's *Sales Incentive Compensation Program*.  By this compensation structure, T-Mobile pays each retail sales associate a commission for every service plan that the associate activates.  The commissions are offset, however, by plans that are deemed "deactivated" within a specified period after activation—these offsets are called "charge-backs."  And this practice of "charging back" brings us to the point of controversy: whether T-Mobile's charge-back practice is justified when applied to pre-paid, pay-as-you-go plans.

The Plaintiff has moved this Court to certify one or both of the following classes:

1.  *Nationwide Class*:   All employees of T-Mobile who received, or were entitled to receive, commissions for the sale of T-Mobile prepaid cellular telephone plans who did not receive their commissions or were charged back by T-Mobile for their commissions between the commencement of the statute of limitations through the date that the Court certifies this suit as a class action.

2.  *Florida Statewide Class*:   All employees of T-Mobile who were [*sic*] worked for T-Mobile in Florida who received, or were entitled to receive, commissions for the sale of T-Mobile prepaid cellular telephone plans who did not receive their commissions or were charged back by T-Mobile for their commissions between the commencement of the statute of limitations through the date that the Court certifies this suit as a class action.

II.     **The Legal Backdrop for Class Certification**

The advocate of the class—the Plaintiff here—bears the burden of establishing the propriety of Fed. R. Civ. P. 23 ("Rule 23") class certification. *Valley Drug Co. v. Geneva*

*Pharmaceuticals, Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003). To sustain this burden, the Plaintiff must satisfy all four Rule 23(a) requirements—numerosity, commonality, typicality, and adequacy of representation—and at least one Rule 23(b) requirement, such as showing that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Id*. at 1187-88; *In re Bayshore Ford Trucks Sales, Inc.* 471 F.3d 1233, 1239 (11th Cir. 2006). The Court will address each of these in turn, but will focus on commonality and typicality as they predominate the discussion below.

### III. Discussion

#### A.  *Numerosity*

Rule 23 requires a class to be adequately numerous such that the joinder of all members would be impracticable. While Courts have not set any numbers in stone apropos the numerosity requirement, as a general rule, one may say that less than twenty-one is inadequate, more than forty is adequate, and numbers falling in between are open to judgment based on other factors. *Cox v. American Cast Iron Pipe Co*., 784 F.2d 1546, 1553 (11 Cir. 1986) (citing 3B Moore's Federal Practice ¶ 23.05[1] at n. 7 (1978)).

Turning to the case at bar, the Court finds that well over forty individuals fall within the class definition adopted by this Court. *See infra*. As such, joinder is impracticable, numerosity exists.

#### B.  *Commonality*

For Rule 23 commonality, the Court need assess whether issues that are subject to generalized inquiry, and thus applicable to the class as a whole, predominate over issues that are amenable only to individualized inquiry. *See Rutstein v. Avis Rent-A-Car Systems, Inc*., 211 F.3d

1228, 1233 (11th Cir. 2000) (citing *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989)). For a nationwide class to be proper, the Court must go beyond the factual-similarity and examine whether the case necessitates applying diverse laws of the different states; if so, then nationwide class certification is improper. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1261 (11th Cir. 2004) ("class certification is impossible where the fifty states truly establish a large number of different legal standards governing a particular claim"); *Castano v. American Tobacco Co.*, 84 F.3d 734, 752 (5th Cir. 1996) (The district court abused its discretion by ignoring variations in state law). So to justify class certification, it is incumbent upon the Plaintiff to show sufficient similarity between the implicated states' legal standards governing a putative claim. *Klay*, 382 F.3d at 1262. ("The burden of showing uniformity or the existence of only a small number of applicable standards (that is, "groupability") among the laws of the fifty states rests squarely with the plaintiffs").

In the instant action, the Plaintiff has brought two claims, both of which are based on the cross-section between a state's contract law and its employment law. For now, purported Florida-state-law violations are at issue. But by asking for a nationwide class, the Plaintiff wishes to implicate and litigate together the varying contract and employment laws of all fifty states. To do so would be absurd and clumsy. It is near-axiomatic that the fifty distinct states have given disparate treatment to these areas of the law. And the Plaintiff has not satisfied its burden to show otherwise. Allowing a nationwide class in this case would create cumbersome proceedings with numerous individualized inquiries overshadowing and confusing the generalized inquiry. That would violate Rule 23. Therefore, the Court holds that the commonality requirement precludes nationwide class certification.

Having dealt with the issue of a nationwide class, the Court will turn to statewide class certification. The Court begins by noting that statewide class certification does not suffer from the legal-standards-disparity issue discussed above. Hence, the Court will examine whether the Florida-state-law-based claims—breach of contract and unjust enrichment—are suitable for class treatment on the facts in this case. More precisely, will a generalized inquiry resolve the disputes of the numerous class members without having to engage in cumbersome individualized inquiry? It will as to liability. This entire dispute centers essentially on the meaning and justifiable applicability of one compensation scheme—*the T-Mobile Sales Incentive Compensation Program*—purportedly applied uniformly by T-Mobile to its employees. As such, the fact-finder's adjudication of the disputes concerning this compensation program will resolve the liability issues for all members of the class.

Liability having been analyzed, the Court will now discuss the bearing of damages on class certification. Albeit damages will require individualized inquiry, that inquiry is amenable to simple mathematical formulas. As such, it does not preclude class certification. The Court holds then that the Florida statewide class in this case satisfies the Rule 23 commonality prong.

### C. *Typicality*

Rule 23 typicality refers to the individual characteristics of the named plaintiff in relation to the class. To satisfy the typicality element, the named plaintiff must be part of the class and possess the same interest and suffer the same injury as the class members. *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1986)).

In the present case, the Plaintiff's proposed statewide class definition serves up a mixed

5

bag when scrutinized in light of the typicality prong. Because the lawsuit focuses on how the Plaintiff, a T-Mobile employee, was affected by T-Mobile's commission *charge-back* practice, the proposed statewide class definition overreaches a bit in light of the typicality prong. The allegations in the complaint refer specifically and only to the charging back of *already-paid* commissions apropos T-Mobile's pre-paid, pay-as-you-go plans. The complaint alleges nothing of T-Mobile withholding due commissions at the first instance. How can a Plaintiff claim to have suffered the same harm as individuals on behalf of whom he has averred nothing? He cannot. In such a case, typicality is left wholly unsatisfied. Therefore, the Plaintiff's proposed language concerning "employees ... who ... were entitled to receive commissions ... who did not receive their commissions" is outside the scope of the Compliant, and thus shall not be included in the class definition. To do so would be to improperly adjudicate the rights of absent individuals whose potential gripes have not been adequately alleged.[1]

### D. *Adequacy of Representation*

The Rule 23 adequacy-of-representation prong requires: (1) that the Plaintiff's interests not be antagonistic to the other members of the class, (2) that the Plaintiff be represented by counsel of sufficient diligence, experience, and competence to vigorously litigate the claims, *Kirkpatrick*, 827 F.2d at 726 (quoting *Griffin v. Carlin,* 755 F.2d 1516, 1532 (11th Cir.1985)), and (3) that the Plaintiff's credibility not be in serious doubt. *See Kirkpatrick*, 827 F.2d at 726 (citing *Kline v. Wolf,* 702 F.2d 400, 402-03 (2d Cir.1983)).

The Defendant raises no appreciable qualm with the first two prongs, but does implicate

---

[1] Also, including the referenced language involving absent individuals would give rise to problems beyond typicality—problems with representation adequacy. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11 Cir. 1987); *see also generally* Fed. R. Civ. P. 23.

the third prong—claiming that the Plaintiff is not sufficiently credible.[2] The factual bases the Defendant provides, however, are simply unrelated—that is, the Defendant's credibility attacks are unlikely to be considered sufficiently relevant or serious enough bear on the outcome of this litigation. Therefore, the Court holds that the Plaintiff has satisfied the adequacy of representation prong.

### E.   Rule 23(b) and the Class Definition

Rule 23(b) may be satisfied in a number of ways. In present case, the foregoing reasons accommodate Rule 23(b) because class litigation emerges as the superior method "for the fair and efficient adjudication of [this] controversy." Rule 23(b)(3). Accordingly, the Court **ORDERS** that this case proceed as a class action with following class:

> All T-Mobile employees in Florida who received commissions for the sale of T-Mobile prepaid cellular telephone plans, but were charged back by T-Mobile for those commissions between the commencement of the statute of limitations through the date that the Court certified this suit as a class action. Excluded from the class are Defendants, any parent subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family members of such persons.

## SUMMARY JUDGMENT

### I.   The Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

---

[2] The Defendant attempts to support its position by pointing to the Plaintiff's non-disclosure of a marijuana arrest, lawsuits, employment history, etc.

and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). According to the U.S. Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "'may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts"). The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

**II.     Discussion**

The Plaintiff claims that T-Mobile breached its employment contract with its retail sales associates or was unjustly enriched by charging back commissions for prepaid accounts deemed deactivated. The three elements of breach of contract in Florida are: (1) a valid contract, (2) a material breach, and (3) damages. *J.J. Gumberg Co. Janis Servs.*, Inc., 847 So.2d 1048, 1049 (Fla. 4th DCA 2003). Florida's unjust enrichment claim involves showing that: (1) the plaintiff conferred a benefit on the defendant, who had knowledge thereof; (2) the defendant voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Merkle v. Health Options, Inc.*, 940 So.2d 1190, 1199 (Fla 4th DCA 2006).

In the present case, the Court finds that the Plaintiff has properly pled claims for breach of an employment contract and unjust enrichment. Furthermore, the evidence on record proffered by both the Plaintiff and the Defendant leaves little doubt that disputes over material facts remain. And these disputes, *infra*, need be resolved by the fact-finder:

(1)    Whether there was an employment contract between T-Mobile and the class members. And if an employment contract is found, then:

(2)    Whether T-Mobile's Sales Incentive Compensation Program was the operating document governing the employment contract.

(3)    Whether the employment contract precluded T-Mobile from charging back commissions on pre-paid, pay-as-you-go plans.

(4)    Whether T-Mobile breached the employment contract by charging back commissions on pre-paid, pay-as-you-go plans.

(5) Whether T-Mobile was justified in charging back commissions on pre-paid, pay-as-you-go plans.

(6) Damages, if liability is found.

The preceding outstanding issues of material fact implicate elements of both the contract and unjust enrichment claims. Neither claim, therefore, is appropriate for summary judgment. Accordingly, the Court hereby

**ORDERS and ADJUDGES** that this case shall proceed as a Florida statewide class action under two legal theories: (1) breach of an employment contract, and (2) unjust enrichment. The above-defined issues of fact shall go to the jury. The claim for attorneys fees will be decided by the Court at a later juncture.

**DONE and ORDERED** in Chambers, Miami, FL, this day of May 2007.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Magistrate Judge Stephen T. Brown*
*Counsel of Record*